Thank you both very much. Thank you. Madam Clerk, would you like to call the last case? In re Hurst-Castl. Tracy Lee, Hurst-Castl Appellant, appearing pro se. Andrew J. Mace, appearing for Appley. All right, thank you. Miss Hurst-Castl, would you like to reserve any time for rebuttal? About four minutes, Your Honor. Four minutes? All right, thank you. Please proceed. Can you see me? Because I can't see me. We can see your face. The bottom of your face is a little bit cut off, but we can see you. No, go the other way. There you go. Perfect. Yes. Okay. Your Honor, my name is Tracy Lee Hurst-Castl. Because I'm an ADA protected pro se litigant with cognitive disabilities, I have prepared a written statement so I can stay organized and communicate my arguments clearly and effectively. I respectfully ask the panel to allow me to read from this prepared statement to ensure that I have a fair and meaningful opportunity to be heard. My formal attorney, I appear in pro se not by choice, but by necessity. My formal attorney, who had represented me in this decade-long matter, passed away in 2018. Shortly afterward, I was in a serious car accident and doctors discovered a brain tumor requiring urgent surgery. Multiple neurosurgeries followed, leaving me with lasting neurological and cognitive disabilities. In 2023, I was forced to file Chapter 11 in good faith due to the aggressive collection practices, which took advantage of my vulnerable and cognitively impaired state. I was initially represented by attorney Mr. Yarmy, who later withdrew under false pretenses after procedural errors that left me vulnerable and forced me to represent myself. After his withdrawal, Judge Brekker imposed heightened procedural demands on me despite my documented disabilities. I then sought new counsel, but was unable to retain any representation despite numerous consultations because the Walt Law Firm had already inserted itself into related litigation and created widespread conflicts. That firm filed a false proof of claim supported by fabricated invoices and an altered unforceable fee agreement purporting to authorize a trial fee that never existed, exploiting my cognitive disability. Its own supporting documents referenced my medical malpractice cases, signing an internal invoice number and balance while simultaneously denying it had ever undertaken that case. When I objected, the firm retaliated through aggressive collection efforts and weaponized the judicial system in the same manner that long-term capital Roman numeral number six is doing here. It was this discovery of fraudulent billing, fabricated claim documents and misuse of the courts that compelled me to file the 2023 Chapter 11 in good faith to protect my estate and preserve my rights. In 2024, I was again forced to file a Chapter 11 petition pro se because of the well- and a scheduled trustee sale on my property. I filed this case to protect my home and through that filing, I successfully stopped the trustee sale. My actions were not to delay or abuse the system, but to preserve my property while continuing to challenge the unlawful conduct of parties acting without standing. Therefore, I am an ADA protected litigant entitled to meaningful access to courts under Title II of the American Disabilities Act 42 U.S.C. 12132 as affirmed in Tennessee v. Lane 2004. Number one, the procedural due process violation FRB P9104E. This appeal arises from an interim state relief order entered without jurisdiction, without findings and without the evidentiary hearing required by FRB P9014E. At the January 10th, 2025 hearing, Judge Brekker stated, quote, Ms. Hurst-Castle, I understand you've requested an evidentiary hearing, but we wanted to see what's going on here. Page 5-1-1-2. He also stated, there is no further need for an evidentiary hearing. The record speaks for itself. Page 5-1-2-6 through page 6-1-2-2. Those words those words prove the violation of Rule 9014E requires that when material facts are disputed, the testimony of witnesses shall be taken into some manner as in an adversary proceeding. The refusal to hear evidence while making credibility findings and calling me a 15-year schemer violated that rule and the Fifth Amended Due Process Clause. Number two, no written findings FRCP 52A and FRB P7052. After denying a hearing, the court refused to issue written findings of fact and conclusions of law. I filed a Rule 52A1 request so that so an appellate record could exist. The Ninth Circuit holds findings are mandatory when jurisdictional or credibility is at issue. United States versus 4.85 acres of land, Ninth Circuit 2008. In re-glass, Ninth Circuit 1995 without findings review is impossible and remand required. Number three, factual clarification, no pattern of abuse or bad faith. Judge Spraker's repeated statements that I am a schemer or serial filer are factually false. I have stopped only one trustee sale in 2010 represented by counsel. That case was dismissed without prejudice. My next bankruptcy was in 2012 also through counsel and dismissed without prejudice. I did not file any bankruptcy in 2013 as he had stated. It had been over 10 years before I filed the 2023 case and at that time, the property was not in foreclosure. The only sale I stopped in this decade was September 18th, 2024 sale. After years of unlawful foreclosure attempts by entities lacking standings, these facts disprove any suggestion of a scheme to delay under 11 U.S.C. 362 D and 4. In rem relief requires clear evidence of a scheme to hinder or delay creditors. Evidence that simply does not exist here in re-Chavez back Ninth Circuit May 2025 and in re-Ellis back Ninth Circuit 1985 make clear that labeling a debtor abusive without factual hearing violates the due process. Number four, standing in jurisdiction absent, lack of proof of ownership, standing is jurisdictional, steel company versus citizens of better environment 1998 and and in reveal BAP 9, 2011 in Edwards BAP 9, 2011 the movement must show a colorable right to enforce the note when the motion is filed. Long-term Roman number six, and I call it Roman number six because they also use Roman number four in other documents, produce no proof of ownership. November 15th, 2024, attorney Stoltzman filed the interim motion without a formal appearance. December 11th, attorney Shad Wade from ZBS law filed proof of claim number eight, leaving question number two, has this claim been acquired from someone else? He left that blank. December 16th, 2024, at hearing five days later, I stated my intent to object. The court acknowledged it but ruled anyway. Prior 2023 case, another long-term attorney filed proof of claim number 11, answering no to that same ownership question. These contradictory claims prove standing was unresolved because standing must exist at filing. No later the court lacked jurisdiction. Espinoza 2010 confirms orders entered without jurisdiction are void ab initio. Number five, fraud upon the court, Pavlikas affidavit and unauthorized stables filings. Attorney Stoltzman relied on an affidavit by Constantine Pakovas claiming he held the note. He held the note. Impossible since the loan was securitized in 2007, WAMU PRM Trust that closed on July 30th, 2007. He refused to pursue affidavit constituting fraud on the court under Hazel Atlas Glass Company versus Hartford Empire Company and in revandered. Pakovas then recorded an unauthorized substitution of trustee naming stables LLC, which though unlicensed issued a May 2024 notice of default and a notice of sale. And this is after my bankruptcy was dismissed in the 2023 bankruptcy was dismissed. Um, that no, I believe is dismissed in 2003 of November. Um, this transpired afterwards and on and, um, and on May 8th, what deep notice of default in notice of sale and on May 8th, a corrective deeds trust naming itself both grantee and owner while purporting to convey the property due to long-term Roman number six as grantor. These acts violate NRS 107.028, 107.080, 107.082, 1MB and NAC 645F.300 under Shadow Wood HOA versus Bank of New York Mellon, Nevada, 2016. Sales violating these mandatory statutes, um, relying, reliance on a, on stale litigation in disregard of fabricated evidence. Judge Baker refused to examine the operative 2022-25 record and instead relied on stale judicial notices from Castle versus Penny Mac, December 24, 2020. A case I won for trespass. At the same time, he ignored dozens of recorded documents I submitted from the Clark County Recorder's Office, proving that multiple assignment substitutions and trust deeds recorded between April 22 and the present were fabricated and legally impossible. Each document contained conflicting beneficiaries and constituent signatures and dates that divide the chain of title. Yet the court refused to acknowledge them by disregarding this documentary, this documentary evidence while adopting opposing counsel's outdated judicial notices. The Bankruptcy Court abdicated its duly to assess truth in the current record and regarding her, um, 1992 requires a court to evaluate the full and current record failing to do so. Here was a denial of due process and abuse of discretion. Consequences. Ms. Hirst-Castle, I just want to let you know you're about three and a half minutes left if you want to, you can continue if you want. I thought I'd just finish because it all has, it's all included, so. Okay, that's fine, go ahead. Sorry. Consequences and ongoing prejudice. The void in REM order produced a foreclosure on April 4, 2025 without the re-notice required by NRS 107-0821B and May 8, 2025 corrective deed, naming Sables as both grantee and owner. Those acts spawned unlawful evictions and deprived me of protected estate property under shadow woods, such as a sale is void and title must be restored to January 9th. New evidence ignored on, on January 8th, um, on January 8th, I, I filed an investigative, uh, findings, um, Joe Esquivel and William McCaffrey and FCI's notice of error response proving long-term six, um, lacks any lawful claim. Judge Spraker dismissed the evidence as too late, violating FRCP 59E, 60B and FRP 9023 and 94, which require consideration of newly discovered evidence. Um, I filed a motion for reconsideration after the 31 hearing. I filed, I filed a motion detailing the court's lack of jurisdiction absent. And there again, I was not afforded an, um, uh, uh, uh, uh, um, evidentiary hearing. Um, the continuing harm multiple courts relying on a forward order because Judge Spraker's ruling, I've been forced to defend myself outside the bankruptcy forum in multiple ongoing state and federal cases where other judges have adopted his findings, where valid determinations of ownership, those courts have used the interim order to block me from presenting the true facts about the fabricated chain of title and long-term lack of standing. The continued reliance on board orders has stripped me of property rights and discovery and meaningful forum at, under Espinoza and centers. Structural due process violations, orders void for lack of standing jurisdiction and fraud. The January 10th and January 31st orders are voided ab initio. Jurisdiction cannot exist without proving standing at filing, um, Steele v. Edwards. Order entered without jurisdiction are void under Espinoza. I request lack of standing, use of unlicensed agents, fabricated filings in the Clark County recorder's office and reliance on false affidavits renders null and void. I ask the panel to vacate the January 10th and 31st orders and any other orders thereafter pertaining to long-term false claims. Declare void the fourth foreclosure, May 8th deed and evictions. Restore title to January 9th, 2025. Remand for a full evidentiary hearing before a different judge with findings under FRP 9014E and FRP 52A, um, and order production of the original note and pack of his affidavit for including the complete chain of title for, and those filings, um, to be authenticated. In your honors, the appellees will argue that any errors were that I was heard and that this was, this case is merely another delay, but the record tells a different story. There was never a hearing where evidence was taken. There was no written findings explaining the court's reasoning, and there was no proof of standing, only declarations, contrary to proof of claims and, and, and false affidavit that has never been produced, nor has the complete chain of title. Um, today, because of this, uh, your, your time is up, but if you want to make a completing sentence, concluding sentence, go ahead. Okay. Um, your honors, I stand here, not as a lawyer, but as a person who has spent years fighting simply to be heard. All I ask is for same fairness in every litigant is promised. If a hearing based on evidence before a neutral judge and a chance to restore what was unlawfully taken, the record is clear. Standing was never proven. Just, just, just jurisdiction was absent. Five was presented to the court and ignored and due process was denied. Thank you. Thank you. All right. Thank you very much, Mr. Scassel. Mr. Mase. Thank you, your honors. Um, my name is Andrew Mase. I represent the Appellee Long-Term Capital Six in, in this appeal. And I'm going to focus my argument this morning on, um, the relevant appellate standard, which is abuse of discretion, um, over the in-rem D4 order. And I think, um, where I would, uh, urge the court to really, uh, direct its inquiry outside of the briefing, uh, and in the record is the oral hearing held by Judge Spraker, uh, which is contained, uh, in Exhibit A. Um, and I think Judge Spraker, he did, um, the correct analysis, not only looking at the five bankruptcy cases, and he commented that five bankruptcy cases over a long period of time, that's not sufficient evidence, uh, in order in and of itself to, to get, to justify D4 relief, but it's under the context and with the acknowledgement of the two, uh, failed state court cases, uh, that Ms. Hurst-Castle, uh, brought, uh, unsuccessfully in Nevada State Court, um, all judgments and appeals have, have been final and dismissed. And the, the conclusion, uh, after consideration of all of that evidence contained in the record and submitted to the court is that the ongoing bankruptcies are a part of a scheme to delay the creditor. Um, it, it, it does, uh, obviously include multiple bankruptcies and that the relief is warranted. I don't think that, um, either in the briefing or upon even a de novo review of the record, which, which isn't the, the, uh, standard here, though, that you, you'd find any basis to, to, to believe that Judge Spraker would have, would have been off base, either in, um, using, uh, an incorrect standard, um, misapplying the correct standard or making illogical factual findings based on the materials in the record. Um, it's discussed in my brief, uh, and so I'm not going to belabor the point, but as to the denial of an evidentiary hearing, what appellant fails to, um, mention or adequately explain is what are the disputed facts that would have warranted an evidentiary hearing? I think Judge Spraker makes it clear that he's really only, he only relied, it's not really, he only relied on the dates of filings, the dates of dismissals, the other orders that are now final, um, in, in addition to, um, uh, the foreclosure timeline over the years. Um, I, I, uh, do not have much more to offer the panel. Um, I yield my time, uh, unless there are, uh, questions. All right. I, I don't have any questions. Judge Corbett or Judge Nieman? No. No. No. Um, all right then. Thank you very much, Mr. Mace, and that's going to conclude the argument on this matter today, uh, since Ms. Hurst-Castle used up, uh, her entire 15 minutes of time. So thank you both very much. Uh, this matter is submitted. Thank you. And I think that's the end of our calendar, Madam Clerk. Court is in recess. All right. Thank you.
judges: Brand, Corbit, and Niemann